✎AO 245B   NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern   District of   New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Mark V. LaPorte | Case Number:   DNYN106CR000024-001 |
| | USM Number:   13630-052 |
| | Youel C. Smith, III, Rensselaer Technology Park, 105 Jordan Road, Troy, New York 12180 |
| | (518) 283-4100 |
| | Defendant's Attorney |

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
NOV 17 2006
LAWRENCE K. BAERMAN, CLERK
ALBANY

**THE DEFENDANT:**

X pleaded guilty to count(s)   1 of the Indictment on June 7, 2006.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | 01/20/06 | 1 |

COPIES SENT 11/16/06 date

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 8, 2006
Date of Imposition of Judgment

[signature]

Date   11/16/06

ORIGINAL

CAP

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
            Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | Mark V. LaPorte |
| CASE NUMBER: | DNYN106CR000024-001 |

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months. While in custody, the Court orders the defendant to submit to a sex offender evaluation if made available by the Bureau of Prisons. If the defendant is determined to be in need of treatment, he shall attend and participate in sex offender treatment. If the defendant violates this order, the Court will address this at the time of his release from imprisonment.

X  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant participate in the Bureau of Prisons' Sex Offender Treatment Program.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT:       Mark V. LaPorte
CASE NUMBER:     DNYN106CR000024-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

10 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

| | | Judgment—Page 4 of 6 |
|---|---|---|
| DEFENDANT: | Mark V. LaPorte | |
| CASE NUMBER: | DNYN106CR000024-001 | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by the probation officer. The defendant shall not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by the probation officer. The defendant shall reasonably avoid and remove himself from situations in which he has any other form of contact with a minor.

2. The defendant shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds, without the permission of the probation officer.

3. The defendant shall register with the state sex offender registry agency in any state where he resides, is employed, carries on a vocation or is a student.

4. The defendant shall participate in a mental health program, which will include, but will not be limited to, participation in a treatment program for sexual disorders. The program shall be approved by the United States Probation Office.

   The defendant's supervised release may include examinations using polygraphs to obtain information necessary for supervision, case monitoring, and treatment. The defendant shall answer the questions posed during the polygraph examination, subject to his right to challenge in a court of law the use of such statements as violations of his Fifth Amendment rights. In this regard, the defendant shall be deemed to have not waived his Fifth Amendment rights. The results of any polygraph examinations shall be disclosed to the United States Probation Office and the Court, but shall not be further disclosed without the approval of the Court.

5. The defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on his ability to pay and the availability of third party payments.

6. The defendant shall not use or possess any computer or any other device with online capabilities, at any location, except at his place of employment, unless he participates in the Computer Restriction and Monitoring Program. The defendant shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment he uses or possesses, limited to all hardware and software related to online use (e.g., use of the World Wide Web, e-mail, instant messaging, etc.) and the viewing of pictures or movies that may violate his conditions of supervised release, except at his place of employment. These examinations may include retrieval and copying of data related to online use, the viewing of pictures and movies, and potential violations of the terms and conditions of supervised release from this computer equipment and any internal or external peripherals. This computer equipment may be removed to the Probation Office for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor the defendant's computer use, subject to the limitations described above.

7. If the defendant's employment requires the use of a computer, he may use a computer in connection with the employment approved by the probation officer, at his place of employment, provided he notifies his employer of: (1) the nature of his conviction; and (2) the fact that his conviction was facilitated by the use of the computer. The Probation Office must confirm the defendant's compliance with this notification requirement.

8. In the event the defendant's treatment provider determines that the use of a computer or internet service is contraindicated to his course of recovery, the Court, upon considering such information, may prohibit the use of a computer if the Court is convinced that such is the case based upon the evidence.

## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                            Date

_____     _____
U.S. Probation Officer/Designated Witness    Date

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | Mark V. LaPorte | |
| CASE NUMBER: | DNYN106CR000024-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100 | $ Waived | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ _____ | $ _____ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      Mark V. LaPorte                                       Judgment — Page __6__ of __6__
CASE NUMBER:    DNYN106CR000024-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  In full immediately; or

**B**  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ D,   ☐ E,   ☐ F, or   ☐ G below; or

**C**  ☐  Payment to begin immediately (may be combined with   ☐ D,   ☐ E, or   ☐ G below); or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**F**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    ☐  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    Pursuant to 18 U.S.C. § 2253(a), the defendant shall forfeit to the United States all right, title, and interest in the items listed in the forfeiture allegation in the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.